**AUBURN POLICE UNION, et al., Plaintiffs,**

v.

**James E. TIERNEY, as Attorney General of the State of Maine, Defendant.**

**Civ. No. 90–0042–P.**

United States District Court, D. Maine.

April 17, 1991.

Police officers and their union who challenged constitutionality of Maine statute prohibiting solicitations of property from general public for benefit of law enforcement officers and agencies brought application for attorney fees and expenses. The District Court, Gene Carter, Chief Judge, held that: (1) attorney was not entitled to recover travel time at his usual billing rate; (2) time booked for interviews with media representatives after case was decided could not be subject of reimbursement as counsel fees; (3) attorneys could not recover law clerk or computerized legal research charges; and (4) plaintiffs were not entitled to upward adjustment.

Leland N. Chisholm, Portland, Me., Errol Copilevitz, John P. Jennings Jr., Kansas City, Mo., for plaintiffs.

Stephen L. Wessler, Atty. Gen., Augusta, Me., for defendant.

MEMORANDUM OF DECISION AND ORDER ON PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

GENE CARTER, Chief Judge.

This matter is now before the Court on Plaintiffs' Application for Attorneys' Fees and Expenses, filed on February 27, 1991 (Docket No. 14), to which Defendant's Opposition was filed on February 20, 1991 (Docket No. 17). By the application, Plaintiffs seek reimbursement for attorneys' fees in the total amount of $58,530.80.

**4**

This amount is made up of hourly charges for professional time and expenses for the two firms who represented Plaintiffs herein, totaling $44,014.35. In addition Plaintiffs seek an upward adjustment of 33.3%, in recognition of accomplishment, in the amount of $14,524.73. The affidavits filed in support of the application reflect that attorneys in the firm of Copilevitz, Bryant Gray & Jennings, P.C., booked time charges totaling $33,780 and expenses of $2,704.76 in the course of their work, for a total charge of $36,484.76. Plaintiffs' local Maine counsel, Kelly, Remmel & Zimmerman, booked time charges of $6,793.90 and expenses of $735.69 in the course of the work, for a total amount of $7,529.59.

Defendant's Opposition notes its objection to the allowance of any multiplier in recognition of accomplishment and also seeks adjustments downward in various minor respects.[1]

The Court has now carefully reviewed and considered the written submissions on the motion and determines that the appropriate total portion of Plaintiffs' counsel fees for which reimbursement is to be had is $36,771.79. This amount is arrived at by allowing the Copilevitz firm total hourly time charges of $28,279.50 and recoverable expenses of $2,372.70, for a total amount of $30,652.20. In addition, Plaintiffs are permitted reimbursement for the charges of the Kelly firm for billable time in the amount of $6,593.90 and total expenses of $735.69, for a total of $7,329.59.

 The Court arrives at this allowance of fees and expenses in the following manner:

(1) *Travel Time*—Defendant legitimately objects to the charged hourly rate of the Copilevitz firm for travel of Errol Copilevitz, principal counsel for Plaintiffs, apparently from Kansas City, Missouri to Portland, Maine on three occasions, at Mr. Copilevitz's normal hourly billing rate of $150. This Court does not permit travel time to be recovered at anything approaching a usual billing rate. The Court has allowed its normal amount of $10 per hour for travel time with respect to the time which the Court has determined from the Affidavit of Mr. Copilevitz (Docket No. 15) to be devoted to actual travel time. The entries in his Affidavit reflect a 9–hour booking on each of three occasions: 1/9/89, 8/24/89, and 4/26/90. Each of those bookings, however, include time devoted to actual lawyer functions. Succeeding bookings do not indicate duplication of those additional attributions. Accordingly, the Court allocated for each of these bookings a total of 6 hours to travel time from Missouri to Maine for a total of 18 hours. This requires a reduction of $2,700 in the time as billed and an allowance of $180 for travel time at $10 per hour, for a net reduction of $2,520.

(2) *Time Allocated to Press Interviews of 2/12/90 and 2/22/90*—Defendant objects to reimbursement of some 5.5 hours of the time of Mr. Chisholm, at the Kelly firm, which is booked against interviews with media representatives after the case was decided. Such activities are not in furtherance of the prosecution of Plaintiffs' case in any direct legal sense and may not be the subject of reimbursement as counsel fees. However, Defendant's suggestion that 5.5 hours of billable time should be disallowed is not supported since the two bookings in question reflect that other functions are included in them. Accordingly, the Court has deducted from those bookings 2 hours at Mr. Chisholm's then regular hourly rate of $100 for

---

1. Defendant's Opposition states specific objection to Plaintiffs' fee computations in the following respects: (1) elimination of 18 billable hours for travel time at Mr. Copilevitz's usual hourly rate of $150; (2) elimination of 8.6 hours booked by Mr. Copilevitz for research into the legislative history of the Maine act as duplicative of time also booked by Mr. Chisholm for the same function; (3) elimination of 5.5 hours allegedly booked by Mr. Chisholm for interviews with media representatives; and (4) reduction of the 17.5 hours booked for preparation of the Application for Fees.

each of the two media interviews indicated, for a net reduction of $200.

(3) *Preparation of Application for Fees*—The Copilevitz firm has booked a total of 17.5 hours against preparation of the fee application in this matter. The time attribution is to Attorney John P. Jennings at his usual hourly rate of $120. The Court is satisfied, having carefully reviewed and worked with the fee application materials, that the allocation is excessive in terms of reasonable allocation of time to the function in question. The Court is satisfied that a total hourly allocation of 5 hours of Mr. Jennings' time at his regular hourly rate of $120 is a fair and reasonable allowance for time reasonably to be devoted by competent and diligent counsel to the preparation of the application for fees in this matter. Accordingly, the Court has reduced the time allocation of the Copilevitz firm by $2,100 and allowed $600 for this function, for a net reduction of that firm's charges of $1,500.

(4) *Law Clerk Charges*—The Copilevitz firm has included charges of $388.50 for time attributed to law clerks in this case. This Court does not permit such charges to be the subject of reimbursement or of allowance of counsel fees generally since the Court is of the view that such charges are properly includable in firm overhead. The individuals for whom the charges are made are not fully licensed professionals and much of their time and effort is duplicated by the supervisory and review roles of more experienced, licensed counsel in making use of their work product. Accordingly, the Court has reduced the Copilevitz firm's time attribution by $388.50 for disallowance of this item.

(5) *WESTLAW Charges*—This Court likewise considers WESTLAW computer time charges allocated against the case by the Copilevitz firm in the total amount of $332.06 to be firm overhead charges. The Court is well aware that it is a somewhat prevalent practice, where the client will permit it, for lawyers to seek reimbursement of the time charges made by WESTLAW for research facilities. The Court, however, is satisfied that this is properly an item attributed to firm overhead. The Court assumes that the actual time of a lawyer utilizing the research computer facility is, in fact, booked at his normal hourly rate. The Court thinks it inappropriate and unreasonable to permit an overhead item of this type to be recovered in addition to recovery for the time of the lawyer who used the research facility.

Defendant objects to what it characterizes as a dual billing between the Copilevitz and Kelly firms for research into legislative history. The Court finds the objection not to be well taken and finds that it would be unreasonable to disallow the 8.6 hours claimed as research time by Mr. Copilevitz in respect to legislative history issues involving the Maine statute in question in this case.

██ Finally, the Court finds proper the Defendant's objection to a 33.3% multiplier to the time and expense allocations in recognition of Plaintiffs' counsel's accomplishment. Success alone is not an appropriate basis for enhancing an attorneys' fee award. In cases of this nature, such multipliers are to be used only where the achievement is exceptional in nature. *Blum v. Stenson*, 465 U.S. 886, 899, 104 S.Ct. 1541, 1549, 79 L.Ed.2d 891 (1984). Mr. Copilevitz notes in his Affidavit in support of this litigation:

> When this litigation commenced, the Plaintiffs agreed to pay for this firm's services on an hourly basis. It was further agreed that the Plaintiffs would be charged $150.00 per hour for my services, and $120.00 per hour for the services of my partner, John P. Jennings, Jr., which are fees customary in the community.

Affidavit of Errol Copilevitz (Docket No. 15) at ¶ 7. The Court is satisfied that coun-

**6**

sel are reasonably compensated, on the basis of their agreed-upon fee arrangement, by the allocation of fees approved hereinabove. The case is not of such an exceptional nature and the accomplishment of counsel in obtaining a favorable result is not so unique or achieved in the face of such overwhelming difficulty as to reasonably require a multiplier to be applied.

Accordingly, it is hereby ORDERED that Defendant reimburse Plaintiffs herein in the total amount of Thirty–Seven Thousand Nine Hundred Eighty–One Dollars and Seventy–Nine Cents ($37,981.79), representing the reasonable allowance for attorneys' fees and expenses as set forth hereinabove.