**FLEET BANK OF MAINE, Plaintiff,**

v.

**Peter L. TRIVERS, et al., Defendants.**

**Civ. No. 91–82–P–C.**

United States District Court,
D. Maine.

Sept. 23, 1992.

---

Edward S. Maccoll, Thompson, McNaboe, Ashley & Bull, Portland, Me., for plaintiff Fleet Bank & FDIC.

Jean–Claude Sakellarios, Sakellarious & Assoc., Manchester, N.H., Richard C. Follender, Follender & Connors, Nashua, N.H., for defendants Trivers & Rubin.

Leslie Lowry, Jensen, Baird, Gardner & Henry, Portland, Me., for defendant Vincent.

## ORDER DENYING PLAINTIFF'S ATTORNEYS' FEES AND COSTS

GENE CARTER, Chief Judge.

This matter is now before the Court on Plaintiff's request for attorneys' fees and costs in this mortgage foreclosure action. Plaintiff seeks reimbursement for attorneys' fees and costs in the total amount of $13,250.07. The Court has carefully reviewed the attorney's fee records, and for the reasons that follow, it is unable to act on the motion due to deficiencies in its presentation.

 Attorney fees must be *reasonable.* This Court's role "as guarantor of fairness obligates it not to accept uncritically what lawyers self-servingly suggest is reasonable compensation for their services." *Fleet Bank of Maine v. Steeves,* 793 F.Supp. 18, 20 (D.Me.1992) (quoting *Weinberger v. Great Northern Nekoosa Corp.,* 925 F.2d 518, 525 (1st Cir.1991)). The First Circuit Court of Appeals has "painstakingly delineated the specific documentary preconditions to fee awards, requiring litigants to submit a 'full and specific accounting' of the tasks performed, the dates of the performance, and the number of hours spent on each task." *Weinberger,* 925 F.2d at 527. This Court must "undertake an independent review of the time records to determine 'the reasonableness of the hours spent and the hourly rate sought.'" *Weinberger,* 925 F.2d at 529 (quoting *In re Spillane,* 884 F.2d 642, 647 (1st Cir.1989)). In examining the time records submitted in this case, the Court finds that these records do not comply with the detail required by the First Circuit.

From the records submitted to the Court it appears that nine people worked on the case. Not all of these people are attorneys, although all are designated as such on the billing statement submitted to the

Court.[1] Moreover, the billing statement is incomplete in that it does not list the hourly rate charged by the attorneys for their services. In his affidavit Mr. Bass informs the Court that the hourly charges for the attorneys who have worked on this case ranges between $80 and $135 per hour and for paralegals is $50 per hour. This statement is insufficient. It leaves the Court to guess the hourly rate charged by each attorney, based on an undisclosed amount of experience. Without additional information the Court is unable to determine whether plaintiff's attorneys are claiming reasonable compensation for the hours spent and the work performed on the case.

 Certainly an attorney whose expertise is billed at $135 per hour does not deserve the same hourly pay while in transit unless they are working while in transit. "This Court does not permit travel time to be recovered at anything approaching a usual billing rate." *Auburn Police Union,* 762 F.Supp. at 4. *See also Furtado v. Bishop,* 635 F.2d 915, 922 (1st Cir.1980) ("[W]e are disinclined to compensate an attorney at professional rates for travel time...."). Again, because of the incomplete fee statement it is not known whether Plaintiff's counsel has billed at their normal hourly rate or a reduced rate acceptable to the court for travel time to and from New Hampshire.[2]

 Finally, counsel should note that without further verification the Court seriously questions the advertising expense totaling $4559.10 for publication of three legal notices in the Portland Press Herald.

For the foregoing reasons the Plaintiff's motion requesting fees is DENIED; and it is hereby SO ORDERED.

---

**1.** Apparently some of the persons who were billed out on an hourly basis were law clerks or paralegals. This Court has previously stated that

> [it] does not permit such charges to be the subject of reimbursement or of allowance of counsel fees generally since the Court is of the view that such charges are properly includable in firm overhead. The individuals for whom the charges are made are not fully licensed professionals and much of their time and effort is duplicated by the supervisory and review roles of more experienced, licensed counsel in making use of their work product.

*Auburn Police Union v. Tierney,* 762 F.Supp. 3, 5 (D.Me.1991). *See also Weinberger v. Great Northern Nekoosa Corp.,* 801 F.Supp. 804, 823 (D.Me.1992).

**2.** Normally the Court allows $10 per hour for travel time, unless it can be shown that the attorney was engaged in legal work for the client during their billed travel time. *See Weinberger,* 801 F.Supp. at 823–24; *Auburn Police Union,* 762 F.Supp. at 4.