**FEDERAL DEPOSIT INSURANCE CORP., Plaintiff,**

v.

**Pritam SINGH, et al., Defendants.**

Civ. No. 91–0057–P–C.

United States District Court, D. Maine.

March 24, 1993.

Thomas Cox, Friedman & Babcock, Portland, ME, for F.D.I.C.

Allan Hrycay, Reef, Jordan & Hrycay, Portland, ME, for Pritam Singh.

John Whitman, Richardson & Troubh, Portland, ME, for Kringen, Nashimura, Telling.

## MEMORANDUM OF DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ATTORNEYS' FEES

GENE CARTER, Chief Judge.

This matter is now before the Court on Plaintiff's Request for Attorneys' Fees and Costs, filed on February 18, 1992 (Docket No. 94), to which Defendants' Opposition was filed on March 3, 1992 (Docket No. 95).[1] Plaintiff seeks reimbursement for attorneys' fees and paralegal services in the amount of $51,526.17, and expenses in the amount of $1,612.93.

This case is one of two arising out of the collection on a note and guaranties of Defendants. The other case, *Federal Deposit Insurance Corp. v. Bandon Associates,* Civil No. 91-0056-P-C, was an action for foreclosure and sale which this Court granted on January 14, 1992 (Docket No. 27).[2] Both cases were originally filed by the New Bank of New England, a "bridge bank" created by the Federal Deposit Insurance Corporation ("FDIC"). On January 6, 1991, the FDIC became Receiver for the Bank of New England, and in its capacity as Receiver, it assigned the obligations and collateral which were the subject of both proceedings to New Bank of New England. On September 9, 1991, the FDIC was substituted as Plaintiff when New Bank of New England was dissolved. *See* 12 U.S.C. § 1821(n)(12).

Although some of the compensation issues were raised by Defendants, others the Court finds of sufficient importance to raise *sua sponte.* The Court has carefully reviewed and considered the written submissions of the parties, including the breakdown of attorney fee records, and for the reasons that follow, it determines that the appropriate total amount of Plaintiff's attorneys' fees and costs for which reimbursement will be had is $39,357.00.

## SERVICES PERFORMED BY BLACK, LAMBERT, COFFIN & HAINES

■ Defendants contend that the initial work performed by the Black, Lambert, Coffin & Haines law firm between December 16, 1990, and March 26, 1991, in the amount of $1,566.03, is not supported by sufficient documentation. Plaintiff responds that the Black, Lambert fees were paid by the FDIC during the collection action on the note. Apparently, the Court is supposed to interpret this to mean that because the bill was already paid by the FDIC, records documenting the services performed by Black, Lambert no longer exist. Plaintiff's supporting materials, the statement attached as Exhibit C to Plaintiff's Motion for Attorneys' Fees and Attorney Thomas Cox's Affidavit, simply list an amount that was charged to the FDIC without any explanation of what kind of legal services were being rendered, how much was being charged for those services, or who was performing the services. Such inadequate documentation is insufficient to support a claim for Black, Lambert's $1,566.03 fee. Accordingly, the total fee sought will be reduced by $1,566.03.

## REDUCTION IN HOURLY RATE

■ Defendants contend that the early billings in this case by Attorney Cox, at $170 per hour, are excessive. As evidence to sup-

---

1. The opposition to Plaintiff's Motion for Attorneys' Fees was filed by Defendants Ronald Nishimura, Roger Kringen, and John Telling. Defendant Pritam Singh did not file an opposition to Plaintiff's Motion for Attorneys' Fees.

2. The two cases are related because Defendants Singh, Nishimura, Kringen, and Telling each executed an unconditional guaranty of the obligations of Bandon Associates.

port that claim, Defendants point to the reduction of that hourly rate to $140 per hour after October 1, 1991. Plaintiff counters that the reduction in hourly rate resulted from the market conditions in the legal community and a negotiated arrangement with the FDIC.

Prior to June of 1991, the predecessors of the FDIC, Bank of New England and New Bank of New England, were represented by Petruccelli, Cox & Martin. From the start of this case in January 1991 until June 1991, Attorney Cox's hourly rate was $150. Friedman & Babcock has represented the FDIC in this case since June of 1991, beginning its representation when Attorney Cox joined the Friedman & Babcock law firm. From June 1991 until October 1991, Attorney Cox's rate was $170 per hour. The majority of the work on this case, however, was performed by Attorney Mary Ann E. Rousseau, an associate at Friedman & Babcock. From June 1991 until October 1991, Attorney Rousseau's rates were $100 per hour. As of October 1, 1991, Attorney Cox's rate was reduced to $140 per hour and Attorney Rousseau's rate was reduced to $92 per hour.

Based on this Court's experience and knowledge of the attorneys' fees for comparable work, the rate of $170 per hour for commercial litigation, particularly collection work, in this area is excessive. Moreover, the fact that the fee was renegotiated while the litigation was pending is clear evidence that it was excessive. Accordingly, the Court will reduce the rate for the time billed before October 1, 1991, by Attorney Rousseau and Attorney Cox to $92 per hour and $140 per hour respectively, resulting in a total fee decrease of $1,433.60.[3]

3. The reduction is computed as follows:

| | | | | |
|---|---|---|---|---|
| **June 1991** | | | | |
| Attorney Rousseau | 11.6 hours @ $100/hour | = | $1,160 | |
| Attorney Cox | 5.9 hours @ $170/hour | = | $1,003 | |
| | | | $2,163 | |
| **Revised June 1991** | | | | |
| Attorney Rousseau | 11.6 hours @ $ 92/hour | = | $1,067.20 | |
| Attorney Cox | 5.9 hours @ $140/hour | = | $ 826.00 | |
| | | | $1,893.20 | $ 269.80 |
| **July 1991** | | | | |
| Attorney Rousseau | 17.3 hours @ $100/hour | = | $1,730 | |
| Attorney Cox | 6.1 hours @ $170/hour | = | $1,037 | |
| | | | $2,767 | |
| **Revised July 1991** | | | | |
| Attorney Rousseau | 17.3 hours @ $ 92/hour | = | $1,591.60 | |
| Attorney Cox | 6.1 hours @ $140/hour | = | $ 854.00 | |
| | | | $2,445.60 | $ 321.40 |
| **August 1991** | | | | |
| Attorney Rousseau | 24.8 hours @ $100/hour | = | $2,480 | |
| Attorney Cox | 16.8 hours @ $170/hour | = | $2,856 | |
| | | | $5,336 | |
| **Revised August 1991** | | | | |
| Attorney Rousseau | 24.8 hours @ $ 92/hour | = | $2,281.60 | |
| Attorney Cox | 16.8 hours @ $140/hour | = | $2,352.00 | |
| | | | $4,633.60 | $ 702.40 |
| **September 1991** | | | | |
| Attorney Rousseau | 8.1 hours @ $100/hour | = | $ 810 | |
| Attorney Cox | 2.5 hours @ $170/hour | = | $ 425 | |
| | | | $1,235 | |

## STATEMENT FROM PETRUCCELLI, COX & MARTIN

The Cox Affidavit states that $7,617.87 worth of services were performed by Petruccelli, Cox & Martin, all of which is reimbursable.[4] The documentation presented by Plaintiff's counsel representing the legal services performed by Petruccelli, Cox & Martin totals $7,279.15. *See* Plaintiff's Motion for Attorneys' Fees, Exhibit B (Docket No. 94). This figure includes both fees and costs. In light of this discrepancy, the Court will accept the figure supported by the firm's billing statements and reduce the total fee by $338.72.

## PARALEGAL SERVICES

■ Friedman & Babcock has included charges of $1,645 for time attributed to work performed by paralegals. In addition, Petruccelli, Cox & Martin has included charges of $646.25 for time attributed to work performed by legal assistants. As Plaintiff's counsel is likely aware, this Court continues to have serious concerns about the practice of compensating fee petitioners on the basis of an hourly billing rate for the time that paralegals have worked on the case. This Court has previously noted:

> This Court does not permit such charges to be the subject of reimbursement or of allowance of counsel fees generally since the Court is of the view that such charges are properly includable in firm overhead. The individuals for whom the charges are made are not fully licensed professionals and much of their time and effort is duplicated by the supervisory and review roles of more experienced, licensed counsel in making use of their work product.

*Weinberger v. Great Northern Nekoosa Corp.*, 801 F.Supp. 804, 823 (D.Me.1992) (citing *Auburn Police Union v. Tierney*, 762 F.Supp. 3, 5 (D.Me.1991)). Reimbursement for any paralegal services which constitute "the practice of law" under Maine law is prohibited. *See* 4 M.R.S.A. § 807(1) (Supp. 1992); *Weinberger*, 801 F.Supp. at 823. Accordingly, the Court has deducted all charges for time attributed to work performed by paralegals and legal assistants for a total fee reduction of $2,291.25.

## TRAVEL TIME

■ This Court does not approve charges for travel time to be recovered at anything approaching a usual billing rate. *Weinberger*, 801 F.Supp. at 823 (quoting *Auburn Police Union*, 762 F.Supp. at 4). Attorney Cox has, in part, reduced the amount charged for his travel time between Portland and Boston. However, the abatement falls short of this Court's mandate. The Court has allowed its normal amount of $10 per hour for travel time with respect to the time which the Court has determined from the billing statement to be devoted strictly to travel. The entries on the billing statement reflect a total of 7.9 hours of travel time accumulated on three separate occasions: January 6, January 23, and January 24, 1992. Attorney Cox charged $70 per hour for 5.6 hours of travel time and $140 per hour for 2.3 hours of travel time. Using the Court's formula, Attorney Cox's travel time billing must be reduced to $79 (7.9 hours at $10 per hour), for an overall fee reduction of $635.

## TRIAL PREPARATION

■ In reviewing the fee records submitted by counsel, the Court must examine

Revised September 1991

| | | | |
|---|---|---|---|
| Attorney Rousseau | 8.1 hours @ $ 92/hour | = | $ 745 |
| Attorney Cox | 2.5 hours @ $140/hour | = | $ 350 |
| | | | $1,095 $ 140.00 |
| | | | $1,433.60 |

4. It is unclear how Attorney Cox arrived at the $7,617.87 figure. This figure may include $60 for the preparation of a status report for the FDIC in June of 1991. It is noted on the billing statement that the FDIC will not pay for the preparation of this report. Defendants contend, and this Court agrees, that they should not be required to reimburse the FDIC any amount which was not actually incurred by it. Accordingly, the Court has not included the $60 in the total amount permitted to be billed by Petruccelli, Cox & Martin.

whether the hourly rate charged is reasonable and whether the time charged was reasonably expended in advancing the client's interest. *Weinberger v. Great Northern Nekoosa Corp.*, 925 F.2d 518, 529 (1st Cir.1991). The Court finds that, with the adjustment to the hourly rate made above, Plaintiff's counsel charged reasonable hourly rates in keeping with community standards for legal services. In examining the reasonableness of time spent performing specific legal tasks, the Court must determine whether Plaintiff's counsel "exercised 'billing judgment' in submitting the fee application." *Weinberger v. Great Northern Nekoosa Corp.*, 801 F.Supp. 804, 815 (D.Me.1992) (quoting *Inmates of Maine State Prison v. Zitnay*, 590 F.Supp. 979, 985 (D.Me.1984)).[5]

 In this case, Plaintiff's counsel did not exercise such "billing judgment" in submitting its fee application. In the two months prior to trial, Friedman & Babcock posted almost 300 hours in this case. This time is attributed principally to finishing a Motion for Summary Judgment[6] and preparing for trial. The Court is aware that this case was set for trial on January 27, 1992, and that the Court granted summary judgment in favor of the FDIC only a few days before this case was scheduled for trial. Nevertheless, while completion of pretrial preparation was necessary, the Court is convinced that the number of hours spent researching and drafting the summary judgment motion and preparing the case for trial was excessive for a case of this kind.

Here, the overall effect of the lack of billing judgment is compounded by Plaintiff's failure to adequately distinguish between the entries in its daily billing statement, leaving the Court to guess how much time was allotted to each task. Moreover, many of the entries on the billing statement are described by vague or meaningless terms, *i.e.*, "attention to file." Finally, the Court observes that Plaintiff's counsel failed to record the subject matter of almost all of the telephone conferences and other correspondence in this case. Such inadequate documentation alone may cause reduction in fee awards. *See Weinberger*, 801 F.Supp. at 818.

The Court is satisfied, having carefully reviewed the fee application materials, that the billing during the months of December 1991 and January 1992 is excessive in terms of the reasonable allocation of time to the tasks at hand. Accordingly, the Court will reduce the number of hours permitted to be billed for this work.[7] During the month of December 1991, Attorneys Rousseau and Cox billed 105 hours to this case. During the month of January 1992, the firm billed 192 hours to this case. The Court will reduce by one-fourth the number of hours billed over these time periods. The resulting decrease in fee amounts to $7,517.50.[8]

---

5. "Billing judgment" has been described as follows:

> This concept may be most clearly understood by viewing fee computation as a process similar to preparing a bill for a client. It is sometimes true that not all time which an attorney or a firm has spent on a given suit is charged to the client, whether because the firm itself views the total fee as excessive for the results produced, or the firm views certain of its time as having been nonproductive or duplicative.

2 M. Derfner & A. Wolf, *Court Awarded Attorneys' Fees*, ¶ 16.02[5] at 16–46 n. 111.

6. The Motion for Summary Judgment and its supporting memorandum were filed on December 3, 1991 (Docket Nos. 25 and 26). Plaintiffs filed an additional Memorandum in Support of its Motion for Summary Judgment on December 20, 1991 (Docket No. 43) after deposing Defendants. The Court notes, however, that by December 1991, Plaintiff already spent in the neighborhood of 35 hours preparing its Motion for Summary Judgment.

7. Included in the reduction is approximately 10 hours spent preparing a Motion for Receiver and a memorandum in support thereof which was never filed in this case. *See* Plaintiff's Motion for Attorneys' Fees, Exhibit A (Docket No. 94).

8.

December Billing:

| | | | |
|---|---|---|---|
| Attorney Rousseau | 74.2 hours @ $ 92/hour | = | $ 6,826.40 |
| Attorney Cox | 30.8 hours @ $140/hour | = | $ 4,312.00 |
| | | | $11,138.40 |

Accordingly, it is hereby ORDERED that Defendants reimburse Plaintiff herein in the amount of Thirty–Seven Thousand Seven Hundred Forty–Four Dollars and Seven Cents ($37,744.07) for attorneys' fees and in the amount of One Thousand Six Hundred Twelve Dollars and Ninety–Three Cents ($1,612.93) for costs, for a total of Thirty–Nine Thousand Three Hundred Fifty–Seven Dollars ($39,357.00) representing the reasonable allowance of attorneys' fees and costs as set forth herein above.

SO ORDERED.