Perkins v. American Honda          CV-95-616-M    07/02/96
                    UNITED STATES DISTRICT COURT FOR THE
                          DISTRICT OF NEW HAMPSHIRE


Craig Alan Perkins,
      Plaintiff

      v.                                      Civil No. 95-616-M

American Honda Motor Company, Inc.,
      Defendant


                              O R D E R


      On June 12, 1993, plaintiff, Craig Alan Perkins, was test-
driving a Honda motorcycle in Lake George, New York, when he
drove into the path of another motorcycle.  He brings this
diversity action against Honda Motor Company, Inc. ("Honda")
seeking damages for injuries he sustained in that accident.
Honda moves to dismiss, asserting that the court lacks personal
jurisdiction over it.  In the alternative, Honda claims that the
matter should be dismissed under the doctrine of forum non
conveniens.  Although it is unclear from the pleadings,
presumably Honda actually seeks to transfer this proceeding,
pursuant to 28 U.S.C. § 1404, to the appropriate United States
District Court in New York.[1]

————————————————————————

      [1]  As the Court of Appeals for the First Circuit has noted,
modern federal courts rarely rely upon the common law doctrine of
forum non conveniens:

**Standard of Review**

A.   <u>Personal Jurisdiction</u>.

It is well established that in a diversity case the court's

personal jurisdiction over a nonresident defendant is governed,

---

Before 1948, when Congress enacted 28 U.S.C. § 1404(a), federal courts invoked the doctrine of <u>forum</u> <u>non</u> <u>conveniens</u> to force the transfer of a case domestically from one state or district to another.  Since 1948, federal courts have relied upon § 1404(a)'s <u>statutory</u> authority when transferring cases between domestic courts.  They have had to use the non-statutory <u>forum</u> <u>non</u> <u>conveniens</u> doctrine only to bring about an <u>international</u> transfer of a case (from the United States to a foreign state) where plaintiffs may bring approximately the same action in the foreign forum, but without the unfairness and inconvenience that trying the case in this country would entail.

<u>Howe v. Goldcorp. Investments, Ltd.</u>, 946 F.2d 944 (1st Cir. 1991) (emphasis in original) (citations omitted), <u>cert. denied</u>, 502 U.S. 1095 (1992).  Even more recently, the Supreme Court commented that with the enactment of 28 U.S.C. § 1404(a):

"[d]istrict courts were given more discretion to transfer . . . than they had to dismiss on grounds of <u>forum</u> <u>non</u> <u>conveniens</u>."  As a consequence, the federal doctrine of <u>forum</u> <u>non</u> <u>conveniens</u> has continuing application only in cases where the alternative forum is abroad.

<u>American Dredging Co. v. Miller</u>, 114 S.Ct. 981, 986 n. 2 (1994) (citation omitted).  Plainly, this is not a case in which the alternative forum is abroad and, therefore, the federal doctrine of <u>forum</u> <u>non</u> <u>conveniens</u> would seem to be inapplicable.

Of course, Honda might be seeking dismissal based upon the provisions of 28 U.S.C. § 1406(a) but, as explained more fully below, venue is proper in this district and, therefore, dismissal under that statute would be inappropriate.

2

at least in part, by the forum state's long-arm statute. Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc., 982 F.2d 686, 690 (1st Cir. 1993). And, when personal jurisdiction is contested, the plaintiff bears the burden of establishing that jurisdiction exists. Kowalski v. Doherty, Wallace, Pillsbury & Murphy, 787 F.2d 7, 8 (1st Cir. 1986). The court will construe allegations of jurisdictional facts in the plaintiff's favor, Buckley v. Bourdon, 682 F. Supp. 95, 98 (D.N.H. 1988), and, if it proceeds based upon the written submissions of the parties, without an evidentiary hearing, the plaintiff need only make a prima facie showing that jurisdiction exists. Kowalski, 787 F.2d at 8; Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 674-75 (1st Cir. 1992). Nevertheless, in order to defeat defendant's motion to dismiss, plaintiff's demonstration of personal jurisdiction must be based upon specific facts set forth in the record. And, "in reviewing the record before it, a court `may consider pleadings, affidavits, and other evidentiary materials without converting the motion to dismiss to a motion for summary judgment.'" VDI Technologies v. Price, 781 F. Supp. 85, 87 (D.N.H. 1991) (quoting Lex Computer & Management Corp. v. Eslinger & Pelton, P.C., 676 F. Supp. 399, 402 (D.N.H. 1987)).

Before a court may exercise personal jurisdiction over a non-resident defendant, the plaintiff must make two showings. First, that the forum state's long-arm statute confers jurisdiction over the defendant. And, second, that the constitutional due process standard is met (by establishing that the defendant has sufficient "minimum contacts" with the forum state). Kowalski, 787 F.2d at 9-10.

In considering the scope of New Hampshire's corporate long-arm statute, this court (Devine, J.) has held that N.H. Rev. Stat. Ann. 293-A:15.10 authorizes jurisdiction over foreign corporations to the full extent permitted by federal law. McClary v. Erie Engine & Mfg. Co., 856 F. Supp. 52, 54 (D.N.H. 1994). Stated another way, the corporate long-arm statute is coextensive with the outer limits of due process protection afforded by the federal constitution. Accordingly, "the traditional two-part personal jurisdiction inquiry collapses into the single question of whether the constitutional requirements of due process have been met." Id. at 55. If the court's exercise of personal jurisdiction over a foreign corporation is consistent with the due process requirements of the Fourteenth Amendment,

4

the New Hampshire long-arm statute authorizes jurisdiction over that defendant.  Id. at 55-56.


B.    Venue.

This court (Barbadoro, J.) recently noted that the First Circuit has not specified the standard that a district court should employ in resolving venue disputes.

> However, in the related context of a challenge to personal jurisdiction, the court has determined that the standard to be employed depends upon whether the court holds an evidentiary hearing.  If no hearing is held, the court makes only a prima facie determination of jurisdiction.  Accordingly, the court does not find facts but rather accepts the truth of plaintiff's factual averments to the extent that they are supported by evidence of specific facts set forth in the record.  Since at least one other circuit requires district courts to use a similar standard in venue disputes, and the parties have not drawn my attention to any precedents suggesting a different approach, I will determine the venue question under the prima facie standard outlined in Boit v. Gar-Tec Products, Inc., 967 F.2d (1st Cir. 1992).

Northern Laminate v. Electra Polymers, No. C-94-598-B, slip op. (D.N.H. January 1, 1996) (citations omitted).  Here, as in Northern Laminate, the court will employ the prima facie standard.

5

## Facts

Plaintiff is a resident of New Hampshire who, at the time of the accident which gives rise to this litigation, was approximately 17 and 1/2 years old. Honda is a foreign corporation organized under the laws of the State of California, where it maintains its principle place of business. It is, however, duly licensed to do business in New Hampshire. And, in its answer to plaintiff's complaint, Honda admits that "it does some business in New Hampshire." Answer, at para. 4.

In June, 1993, Americade, Inc. sponsored the 11th Americade Motorcycle Convention in Lake George, New York. According to the complaint, agents of Honda were present at the event and permitted individuals to take demonstration rides on Honda motorcycles. Plaintiff claims that these demonstration rides were conducted in groups of roughly ten individuals and that each group was lead by a Honda employee. While traveling with one of those groups, plaintiff stopped at a busy intersection. Another member of the group (who plaintiff claims appeared to be an employee of Honda) waived him through the intersection. Plaintiff proceeded forward, apparently unaware that he was moving directly into the path of oncoming traffic. Another

6

motorcycle (not involved with the demonstration ride) collided with plaintiff.  As a result of the accident, plaintiff sustained a severely broken leg.

Plaintiff claims that his injury was proximately caused by the negligence of Honda and its employees.  Among other things, he claims that Honda beached its duty to properly conduct and supervise the demonstration rides.  He also claims that Honda failed to properly select the routes used for the demonstration rides, failed to put in place adequate warnings and cautionary signs to the motoring public, and neglected to adequately warn him about the hazards he would likely encounter on the road.

The merits of plaintiff's claims are not yet before the court.  At this juncture, the court only determines whether it may exercise personal jurisdiction over Honda and whether New Hampshire is an appropriate forum in which to litigate plaintiff's claims.

**Discussion**

A.   <u>Personal Jurisdiction</u>.

7

Because Honda contests the court's exercise of personal jurisdiction over it, plaintiff bears the burden of establishing jurisdiction.  In determining whether plaintiff has made a <u>prima facie</u> showing of personal jurisdiction, the court "draws the facts from the pleadings and the parties' supplemental filings, including affidavits, taking facts affirmatively alleged by the plaintiff as true and viewing disputed facts in the light most favorable to plaintiff."  <u>Sawtelle v. Farrell</u>, 70 F.3d 1381, 1385 (1st Cir. 1995) (citing <u>Ticketmaster-New York, Inc. v. Alioto</u>, 26 F.3d 201, 203 (1st Cir. 1994); <u>Kowalski v. Doherty, Wallace, Pillsbury & Murphy</u>, 787 F.2d 7, 9 (1st Cir. 1986)).

A court may exercise either general or specific personal jurisdiction over a defendant.  Specific personal jurisdiction exists when: (i) the claim underlying the litigation arises directly out of the defendant's forum-state activities; (ii) the defendant's forum-state contacts represent a purposeful availment of the privilege of conducting activities in the forum state; and (iii) the exercise of personal jurisdiction is reasonable in light of the so-called "Gestalt" factors.  <u>United Elec. Workers v. 163 Pleasant Street Corp.</u>, 960 F.2d 1080, 1089 (1st Cir. 1992).  Here, plaintiff does not seek (nor would the record

support) the exercise of specific jurisdiction. Accordingly, the court must determine whether it may properly exercise general personal jurisdiction over Honda.

In <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462 (1985), the Supreme Court summarized the two-step analysis which district courts must employ in determining whether they may, consistent with the requirements of due process and concepts of fundamental fairness, exercise general personal jurisdiction.

> [W]here the defendant "deliberately" has engaged in significant activities within a State, or has created "continuing obligations" between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by "the benefits and protections" of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well.
>
> * * *
>
> Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with "fair play and substantial justice." Thus courts in "appropriate cases" may evaluate "the burden on the defendant," "the forum State's interest in adjudicating the dispute," "the plaintiff's interest in obtaining convenient and effective relief," "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," and the "shared interest of the several States in furthering fundamental substantive social

9

policies." These considerations sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required. On the other hand, where a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.

Id. at 475-77. More recently, the Court of Appeals for the First Circuit summarized the general jurisdiction inquiry as follows:

[T]he judicial inquiry into general jurisdiction has two stages. A reviewing court must first examine the defendant's contacts with the forum. If the same do not exist in sufficient abundance, that is, if the constitutionally necessary first-tier minimum is lacking, the inquiry ends. If, however, the minimum exists, the criteria catalogued by the Court [in Burger King] must be assessed in order to determine the constitutionality, in the particular circumstances, of an exercise of personal jurisdiction. At that stage, the criteria may work either to shrink the minimum contacts threshold (thus facilitating the assertion of general jurisdiction) or to defeat general jurisdiction entirely. In other words, the criteria (or "Gestalt factors," one might say) are secondary rather than primary; unless the defendant has some cognizable contacts with the proposed forum, the court cannot assert general jurisdiction.

Donatelli v. National Hockey League, 893 F.2d 459, 465 (1st Cir. 1990) (citations omitted).

10

In his complaint and supporting affidavits, plaintiff alleges the following facts in support of his claim that the court may properly exercise personal jurisdiction over Honda:

1.  Honda is licensed to, and does in fact, transact substantial business in the State of New Hampshire;

2.  Honda has established continuing contractual relationships with numerous New Hampshire businesses for the sale and repair of its products;

3.  Honda dealerships and franchises are located throughout the State, through which Honda markets motor scooters, all terrain vehicles, motorcycles, and a variety of other products, including spare parts and services;

4.  Honda engages in an extensive and aggressive marketing campaign directed at the New Hampshire market, including the use of print, radio, and television advertisements; and

5.  Honda has previously availed itself of the New Hampshire court system, specifically appearing in this court on several prior occasions as both plaintiff and defendant.

To date, Honda has not seriously disputed any of the foregoing factual allegations.

Based upon the two-step analysis articulated in Burger King, supra, and Donatelli, supra, the court concludes that Honda's contacts with the State of New Hampshire are sufficiently substantial and the "Gestalt factors" are sufficiently compelling

11

to warrant the exercise of personal jurisdiction over Honda. Although Honda appears to have purposefully directed substantial and continuing activities at the State of New Hampshire, it has failed to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Burger King, 471 U.S. at 477.

B.   Venue.

As noted above, Honda's reliance upon the federal doctrine of forum non conveniens in support of its motion to dismiss is misplaced.  Accordingly, the court will assume that Honda seeks to transfer this matter to a more appropriate forum under 28 U.S.C. § 1404(a).  That statute provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

District courts enjoy considerable discretion in deciding whether to transfer a case pursuant to section 1404(a).  Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955); Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987); Codex Corp. v.

12

Milgo Elec. Corp., 553 F.2d 735, 737 (1st Cir.), cert. denied, 434 U.S. 860 (1977). In exercising that discretion, judges must consider the convenience of the parties and witnesses, the relative ease of access to evidence, and the possibility of consolidating the instant case with actions pending in another jurisdiction. Buckley v. McGraw-Hill, Inc., 762 F. Supp. 430, 439 (D.N.H. 1991). Nevertheless, despite considering the appropriate mix of factors, "there will often be no single right answer" as to where venue should lie. Codex Corp. v. Milgo Elec. Corp., 553 F.2d at 737.

Any party to the action may make a motion for transfer of venue under 28 U.S.C. § 1401(a). Philip Carey Mfg. Co. v. Taylor, 286 F.2d 782, 784 (6th Cir.), cert. denied, 366 U.S. 948 (1961); Thomas v. Silver Creek Coal Company, 264 F. Supp. 833, 835 (E.D.Pa. 1967). However, the party seeking to transfer an action bears the "substantive burden" of demonstrating that the factors "predominate" in favor of transfer. Buckley v. McGraw-Hill, Inc., 762 F. Supp. at 439; accord Crosfield Hastech, Inc. v. Harris Corp., 672 F. Supp. 580, 589 (D.N.H. 1987); see also 1A James W. Moore, et al., Moore's Federal Practice ¶ 0.345[5] (2d ed. 1993). And, unless the balance of factors strongly

13

favors a change of venue, the plaintiff's choice of forum should rarely be disturbed.  Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947).

Honda has failed to demonstrate that the mix of factors discussed above weighs in favor of a change of venue.  Although it contends that witness convenience militates in favor of a transfer, it has failed to convincingly support that assertion.  In fact, plaintiff has demonstrated that many potential witnesses would actually be inconvenienced by a change in venue since they reside in this state.  Further, Honda has not demonstrated that this jurisdiction has so little connection to plaintiff's cause of action that it would unfairly burden the public interest to hold the trial here.  And, while Honda references ongoing litigation in New York which relates to plaintiff's accident, plaintiff claims that the parties to that litigation recently settled their disputes and the matter has been (or will soon be) closed.  Therefore, consolidating this action with the New York case does not appear to be a viable option.  Finally, choice of law is unlikely to be a significant issue and, in any event, the court anticipates no difficulty in applying New York law, should it determine that New York law is applicable.

14

**Conclusion**

For the foregoing reasons, the court holds that plaintiff has made a <u>prima</u> <u>facie</u> showing that the court has personal jurisdiction over Honda. Additionally, Honda has failed to carry its burden in support of its motion to dismiss (or, more appropriately, to transfer) this matter on the grounds that New Hampshire is an inappropriate venue. Accordingly, Honda's Motion to Dismiss Action Based upon Lack of Jurisdiction and Forum Non Conveniens (document no. 11) is denied.


SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

July 2, 1996

cc:  David J. KillKelley, Esq.
     Craig F. Evans, Esq.