Howard v. Antilla                      CV-97-543-M    08/25/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Robert Howard,
      Plaintiff

      v.                                    Civil No. 97-543-M

Susan Antilla,
      Defendant


**O R D E R**


Defendant, Susan Antilla, moves to dismiss plaintiff's defamation suit for lack of personal jurisdiction, or in the alternative, to transfer the case to the Federal District Court for the Southern District of New York.  Plaintiff, Robert Howard, objects arguing that personal jurisdiction and venue are proper in the District of New Hampshire.  For the reasons that follow, defendant's motion is denied.


**Background**

Susan Antilla, a reporter for The New York Times, wrote an article about Howard that was published on the first page of the Times business section on Thursday, October 27, 1994.  The headline asked, "Is Howard Really Finkelstein?  Money Rides On It."  In the article, Antilla identified Howard as the chairman of both Presstek, Inc. and Howtek in Hudson, New Hampshire, and raised questions as to whether Howard was really Howard Finkelstein, "a convicted felon who went to jail for violations of securities laws, among other things."  The article described

difficulties experienced by the Securities and Exchange Commission in distinguishing Robert Howard from Howard Finkelstein in relation to a scheme by short sellers of Presstek stock to profit from rumors of the Howard-Finkelstein identity confusion.

A Senior Business Analyst provides information that on two dates in March 1995 (the first days after October 1994 for which data are available), distribution of the <u>Times</u> in New Hampshire was 3,920 copies out of a total distribution of 1,312,314 (approximately .3 percent) and 7,382 copies out of a total distribution of 1,943,814 (approximately .4 percent). On October 28, 1994, similar articles were published in the <u>Manchester Union Leader</u> and <u>Nashua Telegraph</u> based on Antilla's earlier story in the <u>Times</u>.

Howard was in 1994, and is still, the chairman of the boards of Presstek and Howtek in Hudson, New Hampshire. He works in the Hudson offices when he is in the United States, but gives his residential address as New York City, although the <u>Manchester Union Leader</u> article on October 28, 1994, reports that he then lived in France.

At the time the article was written, Antilla lived and worked in New York City. She researched the article in New York, and does not recall contacting or receiving information from anyone in New Hampshire for purposes of writing the article. She now lives in Connecticut and works in New York, although no

2

longer for the <u>Times</u>.  Antilla does not remember ever having been in New Hampshire.


## **Discussion**

**A.    Personal Jurisdiction**

When a defendant moves to dismiss for lack of personal jurisdiction, plaintiff bears the burden of proving jurisdiction. <u>Sawtelle v. Farrell</u>, 70 F.3d 1381, 1387 (1st Cir. 1995).  An evidentiary hearing is not required when, as here, pertinent jurisdictional facts and credibility are not seriously in dispute.  <u>Foster-Miller, Inc. v. Babcock & Wilcox Can.</u>, 46 F.3d 138, 145-47 (1st Cir. 1995).  Instead, plaintiff may proceed by making a prima facie showing of jurisdiction based upon affirmative proof and properly supported proffers of evidentiary facts.  <u>See</u> <u>Ticketmaster-New York, Inc. v. Alioto</u>, 26 F.3d 201, 203 (1st Cir. 1994); <u>Boit v. Gar-Tec Prods., Inc.</u>, 967 F.2d 671, 675 (1st Cir. 1992).

Because New Hampshire's long-arm statute permits the exercise of personal jurisdiction to the fullest extent consistent with federal due process, jurisdictional analysis here necessarily focuses on the limits of constitutional due process. <u>See</u> <u>Sawtelle</u>, 70 F.3d at 1388.  "The Due Process Clause of the Fourteenth Amendment permits a state to exercise personal jurisdiction over a non-resident defendant only when the defendant has sufficient minimum contacts with the forum." <u>Noonan v. Winston, Co.</u>, 135 F.3d 85, 90 (1st Cir. 1998).  When,

3

as here, plaintiff asserts a theory of specific personal jurisdiction, he must satisfy a three-part test by showing: (1) his claim arises from or relates to defendant's contacts with the forum, (2) defendant's contacts with the forum represent purposeful availment of the privilege of conducting business there, and (3) the exercise of jurisdiction would be reasonable based upon the Gestalt factors.  Sawtelle, 70 F.3d at 1389.

It is well established that a defendant who intentionally disseminates allegedly defamatory statements that injure the plaintiff in the forum state will be subject to personal jurisdiction in a defamation action there.  See, e.g., Calder v. Jones, 465 U.S. 783, 788 (1984); Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774-75 (1984); Hugel v. McNell, 886 F.2d 1, 4-5 (1st Cir. 1989); Gray v. St. Martin's Press, Inc., 929 F. Supp. 40, 46 (D.N.H. (1996); Faigin v. Kelly, 919 F. Supp. 526, 531 (D.N.H. 1996).  The complaint and other materials submitted here establish a prima facie case that Susan Antilla wrote an allegedly defamatory story about Robert Howard for publication in which she discussed his businesses in New Hampshire and his business practices in general.  As a reporter for The New York Times, she well knew her article would be published in the Times and disseminated in New Hampshire.  Howard has substantial business interests in New Hampshire; he works at Presstek in New Hampshire; and his reputation was allegedly injured, in New Hampshire, as a result of Antilla's story.

4

Antilla argues that these circumstances do not satisfy federal due process concerns because Howard's own contacts with New Hampshire are insufficient to warrant a finding that he was injured here. In particular, Antilla contends that a plaintiff in a defamation suit must be a resident of the forum state in order to show sufficient effects in the forum of allegedly defamatory statements. The Supreme Court has rejected Antilla's theory:

> [W]e have not to date required a plaintiff to have 'minimum contacts' with the forum State before permitting that State to assert personal jurisdiction over a nonresident defendant. . . . [Although] plaintiff's residence in the forum may, because of defendant's relationship with the plaintiff, enhance defendant's contacts with the forum . . .[,] plaintiff's residence in the forum State is not a separate requirement, and lack of <u>residence</u> will not defeat jurisdiction established on the basis of defendant's contacts.

<u>Keeton</u>, 465 U.S. at 779-80. Howard's personal relationship with and business status in New Hampshire, demonstrated in part by the fact that Antilla's story was reported in two major New Hampshire newspapers the next day, is ample reason to find a prima facie showing of injury to Howard's reputation in New Hampshire regardless of Howard's non-residence.

To the extent Antilla argues that her contact with New Hampshire was not intentional, the record does not support her. Antilla, as an employee and reporter for the <u>Times</u>, cannot (and does not) say that she did not intend or know that her article would be distributed in New Hampshire. <u>Cf.</u> <u>Gray</u>, 929 F. Supp. at 47 (nationwide distribution of book alone insufficient to show

5

author's intent to distribute in New Hampshire). Nor does she suggest that her story was materially altered by others after it left her control. In addition, she does not occupy the removed position of someone who is contacted by a reporter and provides information for a story that is then published and circulated in other states. See, e.g., Chaiken v. VV Publ'g Corp., 119 F.3d 1018, 1029 (2d Cir. 1997), cert. denied, 118 S. Ct. 1169 (1998); Ticketmaster, 26 F.3d at 208. Thus, the sale of thousands of copies of The New York Times carrying Antilla's article in New Hampshire was not "random, isolated, or fortuitous." Keeton, 465 U.S. at 774; cf. Noonan, 135 F.3d at 91 (small distribution combined with publisher's ignorance of its destination may defeat jurisdiction).

Finally, the "gestalt factors" do not suggest that exercising personal jurisdiction over Antilla in New Hampshire would be unreasonable or unfair in the circumstances of this case. While litigation in New Hampshire may burden Antilla to some extent, any inconvenience she might experience would not be of constitutional significance. See Sawtelle, 70 F.3d at 1395. New Hampshire has a significant interest in redressing injuries caused by defamation in the state because "[f]alse statements of fact harm both the subject of the falsehood and the readers of the statement." Keeton, 465 U.S. at 776. Plaintiff's choice of forum is generally afforded deference, and nothing in the record suggests that the judicial system's interest in the effective resolution of this controversy will not be adequately served in

6

this district.  First Amendment concerns that might arise as policy considerations in defamation actions have been given little weight in personal jurisdictional analysis.  <u>See</u> <u>Ticketmaster</u>, 26 F.3d at 211.  Accordingly, Howard has made a sufficient prima facie showing of the elements of specific personal jurisdiction to permit this court to exercise jurisdiction over Susan Antilla in this case.

**B.    <u>Venue and Convenient Forum</u>**

In the alternative to dismissal for lack of personal jurisdiction, Antilla moved for a change of venue contending that venue is neither proper nor convenient in this district.

1.    <u>Proper Venue</u>

Plaintiff bears the burden of demonstrating proper venue in the district in which he brings suit.  <u>Ferrofluidics Corp. v. Advanced Vacuum Components, Inc.</u>, 789 F. Supp. 1201, 1206 (D.N.H. 1992).  Howard asserts venue in New Hampshire pursuant to 28 U.S.C.A. § 1391(a)(2), as "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  In a defamation action, venue is generally proper in the district where defendant published defamatory material.  <u>See</u> <u>Wachtel v. Storm</u>, 796 F. Supp. 114, 116 (S.D.N.Y. 1992); <u>see also</u> <u>Hickey v. St. Martin's Press</u>, 978 F. Supp. 230, 241 (D. Md. 1997) (venue not shown in New Hampshire where

plaintiff's claim did not arise from defendant's participation in republication in New Hampshire).

Here, for purposes of establishing venue, Howard has shown that Antilla's article was published in New Hampshire, with her knowledge and participation, and that his reputation, in New Hampshire and elsewhere, was harmed as a result. His claim need not arise solely in New Hampshire to meet the requirements of venue. The court is satisfied that venue is proper in New Hampshire.


2.    Convenient Forum

A defendant seeking a transfer to a more convenient forum bears a heavy burden of showing that a transfer is warranted pursuant to 28 U.S.C.A. § 1404(a). See Buckley v. McGraw-Hill, Inc., 762 F. Supp. 430, 439 (D.N.H. 1991). Section 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Plaintiff's choice of forum carries considerable weight and should rarely be disturbed. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947).

Antilla asks that the case be transferred to the Southern District of New York to accommodate her, witnesses in the New York area, and the production of "documentary evidence." While it might well be more convenient for defendant and some witnesses if the case were litigated in New York, their slight

8

inconvenience does not counter the weight of the plaintiff's choice to litigate here. In addition, the court is aware of the relatively more burdensome docket in the Southern District of New York; a transfer would be prudent only if defendant had demonstrated a more extreme case of inconvenience.

On balance and in the exercise of the court's discretion, the interest of justice is best served by not transferring the case to the Southern District of New York.

## Conclusion

For the foregoing reasons, defendant's motion to dismiss or in the alternative to transfer (document no. 5) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 25, 1998

cc:  Charles G. Douglas, III, Esq.
     Peter W. Mosseau, Esq.

9