KIER BROTHERS INVESTMENTS INC.,
General Partner of Dana Communications, Ltd., a Limited Partnership,
Plaintiff,

v.

Gertrude J. WHITE, and Reed, Smith, Shaw & McClay, Defendants.

Civil Action No. 93–0906 (EGS).

United States District Court,
District of Columbia.
Civil Division.

Jan. 17, 1996.

John W. Vardaman, Williams & Connolly, Washington, DC, for plaintiff.

Daniel M. Clements, Israelson, Salsbury, Clements & Bekman, Baltimore, MD, for defendants.

## MEMORANDUM AND ORDER

SULLIVAN, District Judge.

Pending before the Court is defendants' motion to dismiss this case for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). Upon consideration of the pleadings and the arguments of counsel, the defendants' motion to dismiss shall be **GRANTED** for the reasons set forth herein.

### I.

Plaintiff is a North Carolina limited partnership formed in 1988 for the principle purpose of acquiring an interest in a cellular communications franchise. In 1988, plaintiff retained defendant Gertrude J. White, Esq.[1] and her law firm, Pierson, Ball & Dowd, to file applications with the Federal Communications Commission ("FCC") to operate one or more cellular telephone franchises. In March 1989, Pierson, Ball & Dowd merged with the law firm of Reed, Smith, Shaw & McClay ("Reed Smith").

On May 3, 1993, plaintiff commenced this action alleging that defendants committed legal malpractice by negligently failing to include certified audited financial statements with an FCC license application filed on behalf of Dana Communications. Plaintiff contends that the defective filing resulted in considerable delay in the FCC's granting a license which deprived plaintiff of nearly $8 million in revenue. Defendants argue that the certification form was not a requirement for filing the application and that any damage sustained by plaintiff resulted from erroneous FCC decision-making.

■ Defendants moved to dismiss this action on June 13, 1994, on the basis that there was not complete diversity as required by 28 U.S.C. § 1332 because the parties shared common Maryland citizenship when the complaint was filed. *See Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 830, 109 S.Ct. 2218, 2221, 104 L.Ed.2d 893 (1989) (diversity of citizenship is determined by the facts as they exist when the complaint is filed). Specifically, defendants assert that at the time the complaint was filed, the plaintiff limited partnership was a citizen of Maryland because one of its limited partners at the time, Alfred Bernstein, was a Maryland citizen. In addition, it is uncontested that defendants, Gertrude White and Reed Smith, were citizens of Maryland when the complaint was filed on May 3, 1993.[2] Accordingly, defendants contend that complete diversity did not exist at the time the complaint was filed because the parties shared common Maryland citizenship.

Plaintiff asserts that complete diversity does exist because Alfred Bernstein, on January 5, 1992, transferred all of his interest in the Dana limited partnership to irrevocable trusts for his granddaughters and, thereby, ceased to be a limited partner of Dana Communications. Plaintiff has acknowledged, however, that Mr. Bernstein did not send any written notice of his intent to withdraw from the limited partnership before this action was filed. In any event, plaintiff contends that on the date the complaint was filed it was not a citizen of Maryland for diversity purposes and that this Court does possess subject matter jurisdiction.

---

1. Defendant Gertrude White has remarried since this action was commenced and now is known as Gertrude Prior.

2. Reed Smith is a general partnership. For diversity purposes, a general partnership is a citizen of every state in which its general partners are citizens. *Great Southern Fire Proof Hotel Co. v. Jones,* 177 U.S. 449, 456, 20 S.Ct. 690, 693, 44 L.Ed. 842 (1900); *Lewis v. Odell,* 503 F.2d 445, 446 (2d Cir.1974). Plaintiff does not contest Reed Smith's citizenship in those jurisdictions in which its partners were citizens, *viz.,* the District of Columbia, Maryland, Pennsylvania, and Virginia. Moreover, it is uncontroverted that defendant, Gertrude J. White was a citizen of Maryland on May 3, 1993.

## II.

■ Since federal courts are courts of limited jurisdiction, the federal statute conferring diversity jurisdiction, 28 U.S.C. § 1332, is strictly construed and "complete diversity" between the parties is required. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–377, 98 S.Ct. 2396, 2402–2405, 57 L.Ed.2d 274 (1978). Further, plaintiff has the burden of proving that diversity exists by a preponderance of the evidence. *See Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir.1990); *Gafford v. General Electric Corp.*, 997 F.2d 150 (6th Cir.1993). In the Court's view, plaintiff has failed to prove by the requisite standard that diversity existed at the time the complaint was filed and, therefore, this case shall be dismissed pursuant to Fed. R.Civ.P. 12(h)(3):

■ For purposes of a diversity analysis under federal law, a limited partnership is considered a citizen of each state in which its general and limited partners were citizens at the time of the filing of a complaint. *Carden v. Arkoma*, 494 U.S. 185, 195–96, 110 S.Ct. 1015, 1021–22, 108 L.Ed.2d 157 (1990). In order to determine the citizenship of a state-created entity for purposes of determining whether diversity exists, federal courts have relied on applicable state law.[3] *Ripalda v. American Operations Corp.*, 977 F.2d 1464 (D.C.Cir.1992); *Royal Insurance v. Quinn–L Capital Corp.*, 3 F.3d 877 (5th Cir.1993), *reh'g denied*, 9 F.3d 105 (5th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1541, 128 L.Ed.2d 193 (1994). In *Ripalda*, our Court of Appeals relied on a Delaware state statute that extended the life of a dissolved corporation to determine whether the corporation retained its Delaware citizenship for purposes of diversity. After noting that the corporation at issue continued to exist for

purposes of prosecuting and defending suits under the relevant Delaware statute, the Court of Appeals held:

> To hold that its Delaware citizenship did not likewise persist through that time for the purposes of establishing diversity jurisdiction would frustrate that State's purpose of facilitating the resolution of claims by and against the corporation and would serve no federal interest.

*Ripalda*, 977 F.2d at 1468. In *Royal Insurance*, as diversity depended upon whether an "attorney in fact" was a member of an unincorporated association[4] that sold insurance, the court relied on a Texas statute that described the relationship between the insurance underwriters and the attorney in fact. Since the relevant statute did not provide that an "attorney in fact" should be considered a member of the unincorporated insurance association, the court determined that his citizenship was not relevant to the jurisdictional analysis. *Id.* at 883.

As in *Royal Insurance*, an express statutory provision under North Carolina law determines whether this Court should consider Alfred Bernstein a limited partner of Dana Communications at the time the complaint was filed in this action. The relevant portion of the North Carolina statute that governs assignment of a partnership interest reads: "Except as provided in the partnership agreement, a limited partner shall continue to be a limited partner after assignment of all or any part of his partnership interest." N.C.Gen.Stat. § 59–702 (1995). In addition, plaintiff's limited partnership agreement provides that a limited partner may withdraw from the partnership by providing written notice to the general partner of the intent to withdraw or retire. Since Mr. Bernstein never gave written notice to the general

---

**3.** Plaintiff's argument that the Court must apply federal law in its diversity analysis to the exclusion of state law is not persuasive. Plaintiff relies heavily on *Rodriguez–Diaz v. Sierra Martinez*, 853 F.2d 1027 (1st Cir.1988), in which the First Circuit held that the determination of a litigant's state citizenship for purposes of diversity jurisdiction is controlled by federal common law. *Id.* at 1030. However, *Rodriguez–Diaz* is inapposite because it did not address whether state or federal law should determine the characteristics of a state-created entity, including its

citizenship, for diversity purposes. Moreover, the First Circuit in *Rodriguez–Diaz* acknowledged that "in the ordinary case, relevant rules of state law provide the basis for the applicable federal common law." *Id.* at 1033.

**4.** Like a limited partnership, an unincorporated association has the citizenship of each of its members. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96, 110 S.Ct. 1015, 1021, 108 L.Ed.2d 157 (1990).

partner of his intent to withdraw after assigning his partnership interest, under North Carolina law, he remained a limited partner even after the alleged transfer of his partnership interest.[5]

### III.

Plaintiff's alternative argument that this Court can "dismiss" Mr. Bernstein in order to preserve its subject matter jurisdiction has no basis in law and relies on the incorrect assumption that Mr. Bernstein—in his individual capacity—is a party to this action. In fact, he is not. The only issue before the Court is whether the citizenship of a single state-created entity, the Dana Communications' limited partnership, is such that this Court is without jurisdiction over this matter. *See Carden v. Arkoma,* 494 U.S. at 187–88 n. 1, 110 S.Ct. at 1017 n. 1. For purposes of diversity, plaintiff is considered a citizen of Maryland because one of its limited partners, Mr. Bernstein, was a citizen of Maryland at the time the complaint was filed in this action on May 3, 1993.

 Dismissal for lack of subject matter jurisdiction, as opposed to transfer to a state court or another federal forum, is the only appropriate result in this case. The Court cannot transfer the case pursuant to 28 U.S.C. § 1631, which allows a federal court without subject matter jurisdiction to transfer an action to a forum with jurisdiction. First, the Court may not transfer this case to a state court under § 1631 because that section only authorizes transfer to those federal courts defined in 28 U.S.C. § 610. Second, this case may not be transferred to another federal forum because no other federal court could exercise jurisdiction pursuant to 28

U.S.C. § 1332, the sole basis for jurisdiction alleged by plaintiff, because the parties are non-diverse. *See Charles v. Rice,* 28 F.3d 1312, 1323 (1st Cir.1994). For this same reason, this Court cannot transfer the case under the federal venue provisions of 28 U.S.C. §§ 1404(a) and 1406(a). *Miot v. Kechian,* 830 F.Supp. 1460, 1465 (S.D.Fla.1993); *Thornton v. Toyota Motor Sales U.S.A., Inc.,* 397 F.Supp. 476, 477 (N.D.Ga.1975).

**ORDERED,** that the defendants' Motion to Dismiss is **GRANTED;** and it is

**FURTHER ORDERED,** that this case shall be **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

---

5. Even if this Court were to accept plaintiff's argument that a "totality of the circumstances" test should be applied to determine its citizenship on the date the complaint was filed in this action, the weight of the record supports the defendants' position that Mr. Bernstein remained a limited partner of Dana Communications on May 3, 1993. For example, even after Mr. Bernstein had assigned his interest in Dana to three trusts on behalf of his granddaughters, Mr. Bernstein signed two separate amendments—in April and December, 1992, respectively—to the Dana Communications limited partnership. In each amendment, Mr. Bernstein was identified as a limited partner. Moreover, as previously indicated, Mr. Bernstein did not comply with the provision of the Dana limited partnership agreement requiring partners seeking to withdraw to provide written notice to the general partner. Plaintiff's evidence, in contrast, is not as persuasive. For example, plaintiff relies heavily upon tax returns filed by Dana for 1993. While the trusts are listed as limited partners on these returns, these tax returns were not filed until 1994, well after the complaint was filed in this action. In addition, the filing of the 1993 tax returns in the manner described is not inconsistent with a limited partner's intent to take advantage of certain estate tax planning benefits that were available under North Carolina law.