**Geraldine HOFFMAN, Plaintiff,**

v.

**FAIRFAX COUNTY REDEVELOPMENT AND HOUSING AUTHORITY et al., Defendants.**

**No. CIV.A. 02–2548 RMU.**

United States District Court, District of Columbia.

July 11, 2003.

was under sufficient control when acting at direction of airline's agent in relinquishing luggage for inspection).

Jonathan Eric Agin, Angela Williams Russell, Wilson Eiser Moskowitz Edelman & Dicker, Washington, DC, for Fairfax County Redevelopment and Housing Authority, Quantum Property Management, defendants.

Robert M. Ross, Office of County Atty., Fairfax, VA, for Fairfax County, defendant.

### *MEMORANDUM OPINION*

URBINA, District Judge.

#### TRANSFERRING THE ACTION TO THE EASTERN DISTRICT OF VIRGINIA

### I. INTRODUCTION

This toxic-torts action comes before the court on various motions to dismiss filed by the defendants. Specifically, the court addresses defendant Fairfax County's motion to dismiss for lack of federal subject-

matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and denies the motion because subject-matter jurisdiction exists in the form of diversity jurisdiction. The court moves on to consider the defendants' motions to dismiss for improper venue pursuant to Rule 12(b)(3). Because venue is improper in this district under 28 U.S.C. § 1391(a), the court transfers the action to its sister court in the Eastern District of Virginia pursuant to 28 U.S.C. § 1406(a).

## II. BACKGROUND

The plaintiff, Geraldine Hoffman, rented an apartment located in Falls Church, Virginia, managed by defendant Quantum Real Estate Management, LLC ("defendant Quantum"). In her complaint filed on December 31, 2002, the plaintiff alleges that she paid rent for this apartment to defendants Fairfax County and Fairfax County Redevelopment and Housing Authority ("defendant FCRHA"). Compl. at 2. In addition, the plaintiff claims that she has suffered injuries due to the defendants' negligent use and storage of toxic chemicals in her apartment building and seeks $400,000.00 in damages. *Id.* at 3–4.

The defendants each filed separate motions to dismiss. Defendant Quantum filed a Rule 12(b)(3) motion to dismiss for improper venue. Def. Quantum's Mot. at 1. Defendant FCRHA argues both lack of personal jurisdiction and improper venue under Rule 12(b)(2) and (3), respectively. Def. FCRHA's Mot. at 1. Defendant Fairfax County seeks dismissal for lack of federal subject-matter jurisdiction and personal jurisdiction, improper venue, and failure to state a claim upon which relief

can be granted pursuant to Rule 12(b)(1), (2), (3), and (6), respectively. Def. Fairfax County's Mot. at 1.

In response to each of these motions, the plaintiff filed oppositions simply requesting that the court transfer the case to the Eastern District of Virginia. Pl.'s Opp'n to Def. Quantum's Mot. at 1; Pl.'s Opp'n to Def. Fairfax County's Mot. at 1; Pl.'s Opp'n to Def. FCRHA's Mot. at 1. All of the parties then jointly filed a praecipe on June 25, 2003, noting for the record that defendant Quantum has members residing in the Commonwealth of Virginia. Praecipe at 1. The court now addresses the pending motions to dismiss.

## III. ANALYSIS

As noted, the defendants bring various Rule 12(b) motions, requiring the court to determine the order in which it must address these challenges. For this reason, the court must briefly clear away some legal underbrush before reaching the main issues.

■ The court first resolves defendant Fairfax County's motion for lack of subject-matter jurisdiction before addressing the motions asserting improper venue. *Kier Bros. Invs. v. White*, 943 F.Supp. 1, 4 (D.D.C.1996) (Sullivan, J.) (explaining that a court must address a subject-matter jurisdiction challenge before the question of venue). As for defendants Fairfax County's and FCRHA's motions to dismiss for lack of personal jurisdiction, the court need not address these motions because the defendants' venue challenges are dispositive of the action in this court.[1] *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979)

---

1. It is unlikely that the court has personal jurisdiction over defendants Fairfax County and FCRHA. The court need not rule on the issue, however, because it may transfer the case even when it lacks personal jurisdiction over the defendants. *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C.Cir. 1983) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962)).

(noting that although personal jurisdiction often is addressed before venue, "when there is a sound prudential justification for doing so, [ ] a court may reverse the normal order of considering personal jurisdiction and venue").

For the same reason, the court declines to address defendant Fairfax County's Rule 12(b)(6) motion because, as discussed later in this opinion, the court elects to transfer the action to the Eastern District of Virginia and therefore believes that the transferee court will be better situated to resolve that motion. *Hafstad v. Hornick,* 1987 WL 10871, at *3 (D.D.C. May 6, 1987) (Flannery, J.) (deciding that motions to transfer are properly heard before substantive motions to dismiss, reasoning that "it is fitting to leave all decisions on the merits to [the transferee] district court, rather than to tie that court's hands with substantive decisions made in this jurisdiction").

### A. Subject–Matter Jurisdiction

### 1. Legal Standard for a Motion to Dismiss Pursuant to Rule 12(b)(1)

 Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938). On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *Evans v. B.F. Perkins Co.,* 166 F.3d 642, 647 (4th Cir. 1999); *Rasul v. Bush,* 215 F.Supp.2d 55, 61 (D.D.C.2002) (citing *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 182–83, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). The court may dismiss a complaint for lack of subject-matter jurisdiction only if " 'it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Empagran S.A. v. F. Hoffman–LaRoche,* Ltd., 315 F.3d 338, 343 (D.C.Cir.2003) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In this circuit, courts must assume the truth of the allegations made and construe them in a light favorable to the plaintiff. *Id.* (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds, Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)).

 Because subject-matter jurisdiction focuses on the court's power to hear the plaintiff's claim, a court resolving a Rule 12(b)(1) motion must give the complaint's factual allegations closer scrutiny than required for a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim. *Grand Lodge of Fraternal Order of Police v. Ashcroft,* 185 F.Supp.2d 9, 13 (D.D.C.2001). Moreover, the court is not limited to the allegations contained in the complaint. *Hohri v. United States,* 782 F.2d 227, 241 (D.C.Cir.1986), *vacated on other grounds,* 482 U.S. 64, 107 S.Ct. 2246, 96 L.Ed.2d 51 (1987). Instead, to determine whether it has jurisdiction over the case, the court may consider materials outside the pleadings. *Herbert v. Nat'l Acad. of Sciences,* 974 F.2d 192, 197 (D.C.Cir. 1992).

### 2. The Court Denies Defendant Fairfax County's Motion to Dismiss for Lack of Subject–Matter Jurisdiction Because Diversity Jurisdiction Exists

 A district court has subject-matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00 per

plaintiff, exclusive of interest and costs. 28 U.S.C. § 1332(a); *C.T. Carden v. Arkoma Assocs.*, 494 U.S. 185, 187, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990). Here, while the complaint lacks a Rule 8(a)(1) statement setting forth the basis for the court's jurisdiction, grounds for diversity jurisdiction become apparent when the complaint is read in conjunction with other submissions in the record. *Hohri*, 782 F.2d at 241; *Herbert*, 974 F.2d at 197; Praecipe at 1; *see generally* Compl. The court must therefore determine whether the plaintiff has in fact satisfied the requirements for diversity jurisdiction.

The court notes at the outset that the plaintiff satisfies the amount-in-controversy requirement. The complaint alleges $150,000.00 in medical expenses and $250,000.00 for pain and suffering, for a total of $400,000.00, a sum which far exceeds the threshold statutory amount for diversity jurisdiction. 28 U.S.C. § 1332(a); Compl. at 4.

As for the parties' citizenship, the plaintiff . resides in the District of Columbia while defendants Fairfax County and FCRHA both reside in the Commonwealth of Virginia. Compl. at 2. The citizenship of defendant Quantum, however, is a more complicated question because it is a limited liability company ("LLC") rather than a corporation. Praecipe Ex. A (Articles of Organization).

■ The Supreme Court has limited corporate citizenship to corporations. *Carden*, 494 U.S. at 190, 110 S.Ct. 1015 (explaining that "the tradition of the common law [ ] is to treat as legal persons only incorporated groups and to assimilate all others to partnerships") (internal quotation omitted). Therefore, LLCs do not enjoy corporate citizenship for purposes of diversity. *Johnson–Brown v. 2200 M St. LLC*, 257 F.Supp.2d 175, 179–80 (D.D.C. 2003) (citations omitted). Instead, they are treated as analogous to partnerships, which carry the citizenship of their members. *Carden*, 494 U.S. at 195–96, 110 S.Ct. 1015.

The record indicates that defendant Quantum has members residing in Virginia, and defendant Quantum has stated definitively that none of its members live in the District of Columbia. Praecipe at 1. Because the parties on each side of the action reside in different states, this case has complete diversity of citizenship.[2] 28 U.S.C. § 1332(a); Compl. at 2; Praecipe at 1. Accordingly, the court denies defendant Fairfax County's motion to dismiss because the court has subject-matter jurisdiction over the action vis-a-vis diversity jurisdiction. *Carden*, 494 U.S. at 187, 110 S.Ct. 1015.

## B. Venue

### 1. Legal Standard for a Motion to Dismiss Pursuant to Rule 12(b)(3)

Rule 12(b)(3) instructs the court to dismiss or transfer a case if venue is improper or inconvenient in the plaintiff's chosen forum. FED. R. CIV. P. 12(b)(3). When federal jurisdiction is premised on diversity of citizenship, 28 U.S.C. § 1391(a) controls venue, establishing the following three places where venue is proper:

(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim oc-

---

**2.** Even if Quantum were a corporation, which it is not, there would still be complete diversity in this case since it is organized under the laws of Maryland and its principal place of business also is located in Maryland. 28 U.S.C. § 1332(c)(1) (defining corporate citizenship for purposes of diversity jurisdiction); Compl. at 2; Praecipe at 1, Ex. A.

curred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

■ If the district in which the action is brought does not meet the requirements of section 1391(a), then that district court may either dismiss, "or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision of whether dismissal or transfer is "in the interests of justice" is committed to the sound discretion of the district court. *Naartex Consulting Corp.*, 722 F.2d at 789. Generally, the interests of justice require transferring such cases to the appropriate judicial district rather than dismissing them. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); *James v. Booz–Allen*, 227 F.Supp.2d 16, 20 (D.D.C.2002).

To transfer a case, the transferor court must find that the intended transferee court is one in which the plaintiff could have originally brought the action. 28 U.S.C. § 1406(a). While the D.C. Circuit does not appear to have addressed the meaning of the phrase "in which an action could have been brought," the phrase has been interpreted to mean that the transferee court must have both personal jurisdiction and venue. *Id.;* 17 FED. PRAC. & PROC. § 3827; 17 MOORE'S FED. PRAC., § 111.33[1] (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir.1993) (observing that the district court properly denied transfer to a district in which venue was improper); *Harman v. Pauley*, 522 F.Supp. 1130, 1133 (S.D.W.Va.1981) (noting that "[t]he transferee court must have

or be able to obtain personal jurisdiction over the defendant")).

## 2. The Court Transfers the Action to the Eastern District of Virginia Pursuant to Section 1406(a)

■ The court agrees with the defendants' assertion that venue is improper in the District of Columbia, and the plaintiff concedes that the court should transfer the case to the Eastern District of Virginia. Pl.'s Opp'n to Def. Quantum's Mot. at 1; Pl.'s Opp'n to Def. Fairfax County's Mot. at 1; Pl.'s Opp'n to Def. FCRHA's Mot. at 1. None of the defendants reside in the District of Columbia; in fact, all of the defendants reside in Virginia for purposes of jurisdiction. Compl. at 2; Praecipe at 1. Therefore, venue cannot be found here pursuant to the first basis for venue under section 1391(a)(1). 28 U.S.C. § 1391(a)(1). As for the second basis for venue, nothing transpired in the District of Columbia while all of the alleged actions giving rise to the plaintiff's claims took place in the Eastern District of Virginia. 28 U.S.C. § 1391(a)(2); Compl. at 2–4. Indeed, the plaintiff allegedly suffered injuries when exposed to toxic fumes in her apartment located in Falls Church, a town squarely nestled in the Eastern District of Virginia. *Id.* Finally, the third basis for venue as provided under section 1391(a)(3) is applicable only if there is no district in which venue is proper under one of the venue statute's first two provisions. 28 U.S.C. § 1391(a)(3). As just indicated, however, venue in this case is only proper in the Eastern District of Virginia under either of section 1391(a)'s first two provisions. Therefore, the parties cannot resort to the statute's third possibility for venue. *Id.*

■ Because venue is improper in this district, the court must additionally decide whether it should transfer the case to the Eastern District of Virginia. 28 U.S.C. § 1406(a). But the court's determination

that venue is proper in that district is not enough to support transfer. The court also must ensure that the Eastern District of Virginia has personal jurisdiction over the defendants. *Harman*, 522 F.Supp. at 1133; 17 FED. PRAC. & PROC. § 3827; 17 MOORE'S FED. PRAC. § 111.33[1]. The Eastern District of Virginia satisfies this requirement because all three defendants are subject to personal jurisdiction in Virginia given that defendants Fairfax County and FCRHA reside in that forum and defendant Quantum is an LLC with members residing there. *Carden*, 494 U.S. at 190, 110 S.Ct. 1015 (finding that an LLC resides wherever its members reside); *Milliken v. Meyer*, 311 U.S. 457, 463–64, 61 S.Ct. 339, 85 L.Ed. 278 (1940) (explaining that a defendant's domicile in a state gives rise to his amenability to suit within the state); Mary Twitchell, *The Myth of General Jurisdiction*, 101 HARV. L. REV. 610, 633 n. 111 (1988) (stating that "[t]his form of general jurisdiction is so well accepted that it is never challenged"); Compl. at 2; Praecipe at 1. Moreover, the defendants each agree that Virginia has personal jurisdiction over them, thus waiving any challenge to personal jurisdiction in Virginia. Def. Fairfax County's Mot. at 4; Def. FCRHA's Mot. at 9; Def. Quantum's Mot. at 3. Accordingly, rather than dismissing the action, the court determines that the interests of justice require transferring the action to the Eastern District of Virginia. 28 U.S.C. § 1406(a); *Goldlawr*, 369 U.S. at 466–67, 82 S.Ct. 913; *James*, 227 F.Supp.2d at 20.

## IV. CONCLUSION

For the foregoing reasons, the court denies defendant Fairfax County's motion to dismiss, determines venue to be improper in this district, and transfers the action to its sister court in the Eastern District of Virginia. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 11th day of July 2003.

### *ORDER*

#### TRANSFERRING THE ACTION TO THE EASTERN DISTRICT OF VIRGINIA

For the reasons stated in the court's Memorandum Opinion separately and contemporaneously issued this 11th day of July 2003, it is hereby

**ORDERED** that defendant Fairfax County's motion to dismiss is **DENIED**; and it is

**FURTHER ORDERED** that the action be **TRANSFERRED** to the Eastern District of Virginia.

**SO ORDERED.**